Judge Owsley
delivered the Opinion of the Coutt.
This is an appeal from a judgment recovered by Peck, in an. action of assumpsit brought by him, in the court below, against Brent.
The trial was had in that court upon the general issue; and in the progress of the trial, the counsel of Brent moved the court to instruct the jury to disregard the second count contained in the declaration as being defective and insufficient; but the motion was overruled, and the first question presented for consideration involves the correctness of the decision upon that motion.
The count is evidently very inartificially and uaskilfully drawn, so much so that we have had some difficulty in assigning to it any appropriate denomination. We think, however, that it contains enough, if true, to shew a right, in the plaintiff in theoofn-t *25 below, io recover of the defendant there. St alie*, ges in substance, that in consideration of work performed on the property of the defendant and materials furnished, by the plaintiff, of the value of six hundred dollars, at the defendants special instance and request, the defendant undertook and faithfully promised to pay that amount &c. It is not in language precisely like the foregoing that the cause of of complaint is set forth in the count; but we have given what we understand to be its substance, and if in that we are correct, the court cannot have erred in overruling the motion to instruct the jury to disregard it.
Motion for g°s" overruled,
The count,
.
Count in iru, debiiaius m-
After the evidence was gone through, and in the progress of the trial, a motion was made to the court, by the counsel for Brent, to instruct the jury, that they must find for her, on the first count contained •in the declaration, but the motion was overruled.
The next question raised,by the assignment of errors involves the correctness of that decision.
The motion for instructions was predicated upon a supposed variance between the evidence introduced upon the trial and the statements contained in the first count. The count recites, “that whereas a “ certain agreement and undertaking, made on the i£ day of between the plaintiff and defendant, concerning certain work by the plaintiff “ to be done and performed in the town of Hender* “ son, &c. and the said plaintiff being thereunto “ moved by the agreement so as before made, did i£ do and perform the said work, to wit, to pull down and rebuild the front and back walls of a brick “ house the property of the defendant in the town “ aforesaid — in consideration whereof the defendant undertook and agreed to pay the plaintiff “ five hundred dollars, yet the defendant not regarding, Ac. has not paid, &c. &c.”
The evidence conduces satisfactorily to prove the performance of the work mentioned in the count by the plaintiff, but there is no evidence going to prove that the work was worth five hundred dollars, or that the defendant promised to pay that sum.
The only variance which exists between the aliegations of the count and the evidence, is that which *26 exists in relatian to the amount alleged to have been promised by the defendant for the work. The variance is not, however, of a description which in the opinion of the court, would have authorised the instructions which w'ere asked by the defendant. Though unskilfully drawn, it was evidently not intended by the writer of the count, to declare upon a precise and express contract for the performance of the work. The work is alleged to have been performed before the defendant is charged to have promised to pay. It was, therefore, in consideration of the defendant’s liability to pay, that the promise is alleged to have been made by the defendant; and if the amount of liability had been stated in the count before the promise, and the defendant had been charged with having in consideration thereof, promised to pay the amount, there could have arisen no serious question about the variance.
sumpsit., for work and labo'r &c, is not made different in effect by omitting the averment, that the defendant became thereby liable, and in consideration thereof,promised to pay the value, and in lieu thereof, avering that he promised to pay a sum certain.
In either case It is not necessary to prove a promise to pay the sum stated — the value proved may be recovered.
Baggin for appellant.
The count would then in substance have been indebitatus assumpsit for work and labour, and the doctrine of the law is well settled, that, upon such a count, evidence of a promise to pay the amount alleged to have been promised by the defendant need not be introduced. Nor do we suppose such evidence was essential in the present case.’ Though the first count differs from a count of indebitatus assumpsit for work and labour, the difference exists only in form. The liability of the defendant in both cases forms the consideration of the alleged promise; and the reason for not requiring evidence Of a promise to pay the precise amount alleged in an indebitatus count, where the amount of liability is expressed, must be the same for not requiring such evidence in a count such as that first contained in the declaration in this case, where the amount of liability is not expressed.
The judgment must therefore be affirmed with cost and damages.